**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **REGINA JOHNSON,** )<br>        **Plaintiff,** )<br>vs. )<br>)<br>**CAPITAL ONE, N.A.,** )<br>        **Defendant.** ) | No.  3:13-CV-879-M-BH<br><br>Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this action has been referred for pretrial management. Based on the relevant filings and applicable law, the plaintiff's complaint should be **DISMISSED** under 28 U.S.C. § 1915(e)(2) as time-barred.

**I.  BACKGROUND**

Regina Johnson (Plaintiff) sues her previous employer (Defendant) for employment discrimination. (Compl. at 1-2).  Plaintiff was fired on August 29, 2012. (First Magistrate Judge's Questionnaire "1st MJQ" Ans. 1).  She filed a charge with the Equal Employment Opportunity Commission (EEOC) on September 5, 2012, asserting that she had been discharged and retaliated against because of her age. (1st MJQ Ans. 2, doc. 9-1 at 7-9).  Plaintiff received the EEOC's *Dismissal and Notice of Rights,* which informed her that the EEOC was dismissing her charge and advised her that she had the right to sue in either federal or state court, on November 12, 2012.  The notice also advised that the lawsuit must be filed within ninety days of receipt of the dismissal letter or the right to sue on her charge would be lost.  (1st MJQ Ans. 2: doc. 9-1 at 14).  Plaintiff filed suit on February 26, 2013. (Compl. at 1).  She seeks monetary and declaratory relief. (1st MJQ Ans. 4).

**II.  PRELIMINARY SCREENING**

Because Plaintiff has been granted permission to proceed *in forma pauperis* (see doc. 6), her complaint is subject to preliminary screening under 28 U.S.C. § 1915(e)(2).  That section provides

*sua sponte* dismissal of the complaint if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 129 S. Ct. at 1949 (citations omitted).

### III. TIMELINESS OF SUIT

Plaintiff asserts that Defendant fired her from her job and retaliated against her in violation of the Age Discrimination in Employment Act of 1967 (ADEA). (doc. 9-1 at 8-9). The ADEA makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's age." It also makes it unlawful for an employer discriminate against an employee "because such individual...has opposed any practice made unlawful" by the ADEA. 29 U.S.C. § 623(a)(1), (d). A prerequisite to a claim under the ADEA is the filing of an administrative charge with the EEOC. 29 U.S.C. § 626(d); *Conaway v. Control Data Corp.*, 955 F.2d 358, 362 (5th Cir. 1992). In a "deferral state" like Texas, the charge

2

must be filed within 300 days of the alleged unlawful act. *Martin v. Lennox Int'l Inc.*, 342 Fed. App'x 15, 18 (5th Cir. 2009) (per curiam); *Conaway*, 955 F.2d at 362. If the EEOC determines that there is no reasonable cause to believe that an unlawful employment practice has occurred, the EEOC issues a right-to-sue letter informing the party that it has a right to sue in federal court within ninety days of the receipt of the letter. *Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 411 (5th Cir. 2003) (citing 29 C.F.R. § 1601.19(a)). The ninety-day limitations period is not a jurisdictional requirement, but rather, a precondition to suit that is subject to equitable tolling. *Harris v. Boyd Tunica, Inc.*, 628 F.3d 237, 239 (5th Cir. 2010) (citations omitted); *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir.2002).

Equitable tolling applies only in "rare circumstances" and has typically been extended only where the plaintiff "actively pursued his judicial remedies by filing a defective pleading during the statutory period," or where he has been "induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Harris*, 628 F.3d at 239 (citations omitted). The Fifth Circuit has recognized three potential bases for equitably tolling the ninety-day limitations period: (1) the pendency of a suit between the same parties in the wrong forum; (2) the plaintiff's lack of awareness of the facts supporting her claim because the defendant intentionally concealed the facts; and (3) the EEOC misleading the plaintiff about her rights. *Manning v. Chevron Chem. Co.*, 332 F.3d 874, 880 (5th Cir. 2003), *citing Blumberg v. HCA Mgmt. Co.*, 848 F.2d 642, 644 (5th Cir. 1988). A plaintiff who does not file suit within ninety days bears the burden of showing a factual basis for tolling the limitations period. *Ramirez v. City of San Antonio*, 312 F.3d 178, 183 (5th Cir. 2002).

Plaintiff filed her EEOC claim asserting violations of the ADEA on September 9, 2012, and received her right-to-sue letter on November 12, 2012. When she filed suit on February 26, 2013, 99 days had elapsed since she had received her right-to-sue letter from the EEOC. Without equitable

tolling, her federal complaint is untimely. Plaintiff appears to assert that she waited to file suit because: (1) she contacted the EEOC by telephone and letter seeking both an explanation and an attorney referral but received no response; and (2) she hired an attorney who sent a settlement letter to Defendant, but its response was not received until February 13, 2013, at which time the attorney told her to file suit in federal court. (1st MJQ Ans. 2; doc. 9-1 at 5).

Plaintiff has not alleged sufficient facts to state a plausible claim for equitable tolling. Equitable tolling is warranted where a person seeks information from the EEOC, and the EEOC provides incorrect information that leads a person to file an untimely suit. *Manning*, 332 F.3d at 881. A failure to respond to Plaintiff's phone and written inquiries is not the same as incorrect information. While the EEOC did provide written information to Plaintiff regarding attorney referrals along with her right-to-sue letter, that letter specifically advised her that the 90-day limitations period was her only opportunity to file suit based on her charge. (doc. 9-1 at 14-15). Any alleged error on the part of Plaintiff's attorney also does not state a basis for equitable tolling. *See Harris*, 628 F.3d. at 240 (finding that equitable tolling did not apply to normal situations of attorney negligence or inadvertence, such as a clerical error by a paralegal). Her ADEA claims are therefore time-barred and should be dismissed.

### IV.  RECOMMENDATION

Plaintiff's complaint should be **DISMISSED** under 28 U.S.C. § 1915(e)(2).

**SIGNED this 18th day of February, 2014.**

　　　　　　　　　　　　　　　　　　　　　IRMA CARRILLO RAMIREZ
　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[Signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE